Eliza A. Orrell *vs.* Hampden Fire Insurance Company.

In an action upon a policy of insurance upon property which is admitted to have been owned by the plaintiff when the policy was issued, the burden of proof is upon the defendants to show a subsequent alienation of the property.

A mere agreement between the owner of property insured and another person, to represent to the creditors of the owner, in order to prevent attachments, that it had been sold to such other person, does not avoid the policy, although the policy is upon condition that the insurance shall be void "in case of any sale, transfer or change of title."

ACTION OF CONTRACT upon a policy of insurance upon the stock of goods in the plaintiff's shop in Holyoke.

Answer, 1st, that after the issuing of the policy, and before the loss, the plaintiff sold, transferred or changed the title in the property to Roswell P. Crafts, without notice to or consent of the defendants, and contrary to an express condition of the policy, that "in case of any sale, transfer or change of title in the property insured by this company, such insurance shall be void ;" 2d, that at the time of the loss, the plaintiff was not the wner of the property, and had no insurable interest therein.

Trial before *Dewey,* J., who, after a verdict for the plaintiff, made a report thereof to the full court, the substance of which was as follows :

" That the plaintiff was the owner of the goods at the date of the policy was not denied, but fully proved. The course of the trial was thus : the plaintiff proved her policy, the loss by fire, and a statement of her loss, and claim for the same, exhibited to the defendants, with a detailed statement thereof, and evidence tending to prove the value of the goods destroyed."

The defendants offered evidence tending to show that some weeks before the fire the plaintiff, in order to prevent the attachment of these goods by her creditors, said she had sold the property to Crafts, who was one of her creditors; and represented to her other creditors, before the fire, and to agents of the company after it, that the goods were not hers, but belonged to Crafts. The plaintiff and Crafts testified that there had been no bill of sale of the property given; but that once, when Crafts was in the shop, the plaintiff told him she wished to put the goods into his hands; and he looked over the goods, and told her, if any of her creditors came, to tell them the goods were his, and send them to him.

The defendants contended " that the burden was on the plaintiff to prove that the goods were hers at the time of the fire ; and that even if there was no actual sale of the goods to Crafts, by which the property in them would pass to him, yet if there was an arrangement by which the goods were left in her hands under a fraudulent pretence of title in him, though it was merely colorable, such a transaction would avoid the policy."

But the court instructed the jury " that if they were satisfied that the plaintiff was the owner of the goods when the policy issued, and if the defendants sought to avoid the policy by reason of such alienation, the burden would be on the defendants to establish such alienation; that, to constitute such alienation, it must be such as to pass the legal title as between the parties to it; that it need not be such a sale as would be valid as against the creditors of the plaintiff; that a mere agreement of the parties to represent to creditors that there had been such sale, to protect the property from attachment, when in fact nothing had been done by way of a formal transfer of the property, would not constitute such alienation as would defeat the policy."

*R. A. Chapman,* for the defendants.   1. The burden was on the plaintiff to prove her title at the time of the loss, and did not shift.   Angell on Ins. § 193.   *Delano* v. *Bartlett,* 6 Cush. 364. *Crowninshield* v. *Crowninshield,* 2 Gray, 524, and cases there cited.

2. If there was no alienation, there was an important change respecting the title, and one which would avoid the policy 1 Phil. Ins. §§ 534, 542.   *Carroll* v. *Boston Marine Ins. Co.* 8 Mass. 515.   *Dadmun Manuf. Co.* v. *Worcester Mutual Fire Ins. Co.* 11 Met. 429.

*J. Wells,* for the plaintiff.

BIGELOW, J.   1. There can be no doubt, that in an action on a policy of insurance, the burden of proof is on the plaintiff to show that at the time of the loss he had an insurable interest in the property covered by the policy.   This is a fact essential to the plaintiff's right of recovery, the proof of which lies on him in all stages of the case.   2 Greenl. Ev. §§ 376, 378.   But in the present case it does not appear that the question of interest was seriously in dispute between the parties at the trial.   Certainly no instruction was asked by the defendants on any matter which necessarily involved a ruling in regard to it.

The real question in contention was, whether the plaintiff had alienated or changed the title to the property, within the meaning of one of the conditions of insurance attached to the policy, and thereby rendered the contract void.   This presented a very different issue from that raised by a denial of the plaintiff's insurable interest in the property, and would require very different evidence to sustain it.   It would not have disproved an insurable interest in the plaintiff, to show that after the date of the policy she had transferred the goods, so that at the time of the fire she was only a mortgagor, having a right of redemption in the property, or that she had conveyed it, retaining in herself only a qualified right as pledgor or *cestui que trust.*   Such a title would have been sufficient proof of interest in the plaintiff; but proof of these or similar facts would have been adequate and decisive evidence to show that she had changed the title of the property, and thereby violated a condition on which the

validity of the contract depended. Such a defence was strictly in avoidance of the plaintiff's claim. It admitted the existence of a title originally sufficient to sustain the contract; but set up a new and distinct fact, in the nature of a condition subsequent, which, if proved, would defeat the plaintiff's right to recover The burden of proof was therefore on the defendants to estab lish it. They assumed the affirmative of this issue, and were bound to prove it.

2. To constitute a breach of the condition of insurance relating to a conveyance of the property, there must have been an actual sale or transfer of property, valid as between the parties. A change of title was necessary to invalidate the contract. Perhaps it was not material to prove that the transfer was absolute; nor that it conveyed the whole right of the plaintiff in the property; nor that it was a valid conveyance as to creditors. But it was essential that there should have been at least the form of a transfer. Under the instructions given on this point, the jury must have found that there was not even a formal alienation of the property. · *Judgment on the verdict*